IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02150-BNB

CHARLES WILLIAM McDOWELL,

Petitioner,

v.

ARISTEDES W. ZAVARAS, Executive Director of Colorado Department of Corrections,

Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 14 2010

GREGORY C. LANGHAM
CLERK

ORDER OF DISMISSAL

Petitioner, Charles William McDowell, is a prisoner in the custody of the Colorado Department of Corrections. Mr. McDowell has filed, through counsel, a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the validity of his state court conviction in Garfield County District Court case number 98CR364. For the reasons stated below, the action will be dismissed for lack of jurisdiction.

Mr. McDowell concedes that he previously has sought habeas corpus relief in this Court pursuant to 28 U.S.C. § 2254 challenging the validity of the same state court conviction. See *McDowell v. Ortiz*, No. 04-cv-01750-ZLW (D. Colo. Oct. 29, 2004). Although Mr. McDowell argues that this action is not a second or successive petition, that argument appears to be premised on the mistaken belief that his prior habeas corpus case was dismissed without prejudice for failure to exhaust state remedies. However, case number 04-cv-01750-ZLW was dismissed as barred by the one-year limitation period in 28 U.S.C. § 2244(d). Therefore, the Court finds that the instant

petition is a second or successive petition. *See Brown v. Roberts*, 177 F. App'x 774, 778 (10th Cir. 2006) (noting that "[d]ismissal of a petition as time barred operates as a dismissal with prejudice, meaning that future applications will be treated as 'second or successive' petitions subject to the heightened requirements of § 2244(b)").

Pursuant to 28 U.S.C. § 2244(b)(3)(A), Mr. McDowell must apply to the United States Court of Appeals for the Tenth Circuit for an order authorizing this Court to consider his second or successive habeas corpus petition. *See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008) (per curiam). In the absence of such authorization, the Court lacks jurisdiction to consider the merits of the claims asserted in a second or successive § 2254 petition. *See id.* at 1251. A state prisoner seeking authorization to file a second or successive petition for a writ of habeas corpus pursuant to § 2254 must demonstrate that any claim he seeks to raise is based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," 28 U.S.C. § 2244(b)(2)(A); or that "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence" and "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2)(B).

Mr. McDowell does not allege that he has obtained the necessary authorization from the Tenth Circuit to file a second or successive § 2254 petition. Therefore, the Court must either dismiss the petition for lack of jurisdiction or, if it is in the interest of

justice, transfer the matter to the Tenth Circuit pursuant to 28 U.S.C. § 1631. *In re Cline*, 531 F.3d at 1252. The factors to be

> considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

*Id.* at 1251. A transfer is not in the interest of justice when the claims being raised in the second or successive application clearly do not meet the statutory requirements set forth in § 2244(b)(2). *See id.* at 1252.

Mr. McDowell's claims in the instant action, which are not based on either a new rule of constitutional law made retroactively applicable to cases on collateral review or newly discovered facts, clearly do not meet the requirements in § 2244(b)(2). Although the Court finds that a transfer is not in the interest of justice for that reason alone, *see id.*, consideration of the other relevant factors also supports this conclusion. Mr. McDowell's arguments that this action is timely are premised on equitable tolling and may be raised in conjunction with a new filing in the proper form. Furthermore, even assuming Mr. McDowell's claims have merit, it was clear when the instant action was filed that this Court lacks jurisdiction over Mr. McDowell's claims because his prior habeas corpus action challenging the validity of the same conviction was dismissed as time-barred. For all of these reasons, the Court finds that a transfer of the instant action to the Tenth Circuit is not in the interest of justice. Instead, the action will be dismissed for lack of jurisdiction. Accordingly, it is

ORDERED that the habeas corpus petition is denied and the action is dismissed for lack of jurisdiction. It is

FURTHER ORDERED that no certificate of appealability will issue because Petitioner has not made a substantial showing of the denial of a constitutional right.

DATED at Denver, Colorado, this __13th__ day of __September__, 2010.

BY THE COURT:

*Christine M Arguello*
_____
CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02150-BNB

Kathy Goudy
Attorney at Law
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 9/14/10

GREGORY C. LANGHAM, CLERK

By: _____
              Deputy Clerk